◼ In the Matter of the Claim of ANTHONY RANDELL, Appellant. COMMISSIONER OF LABOR, Respondent. [964 NYS2d 273]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 2, 2011, which ruled that claimant's request for a hearing was untimely.

Claimant applied for unemployment insurance benefits in July 2008. On September 24, 2008, the Department of Labor issued and mailed an initial determination finding claimant ineligible to receive benefits because he was discharged from his employment due to misconduct. The Department further charged claimant with a recoverable overpayment of $4,151.25 and reduced his right to receive future benefits by eight days for having made willful misrepresentations to obtain benefits. In October 2010, claimant requested a hearing and the Commissioner objected arguing that the request was untimely. An Administrative Law Judge overruled the objection and held a hearing. The Unemployment Insurance Appeal Board, however, found that the request for a hearing was untimely, prompting this appeal.

We affirm. Pursuant to Labor Law § 620 (1) (a), when dissatisfied with an initial determination, a claimant must request a hearing within 30 days after the mailing or personal delivery of such determination, unless prevented from doing so due to physical or mental incapacity (*see Matter of Alsina [Commissioner of Labor]*, 98 AD3d 1173, 1173 [2012]; *Matter of Desani [Commissioner of Labor]*, 78 AD3d 1403, 1403 [2010]). Here, claimant did not request a hearing until two years after the mailing of the Department's initial determination. Although claimant contends that he never received the determination as he had moved shortly before it was mailed, he admittedly did not inform either the Department or the United States Postal Service of a change of address at that time, even though his benefits were discontinued. Rather, claimant was depending on his wife, who continued to live at his former address, to give him his mail. In

our view, claimant's proffered excuse falls short of demonstrating either a physical or mental incapacity that prevented him from timely requesting a hearing (see Matter of Desani [Commissioner of Labor], 78 AD3d at 1403; Matter of Davis [Commissioner of Labor], 76 AD3d 1136, 1136 [2010]; Matter of Wright [Commissioner of Labor], 71 AD3d 1324, 1324 [2010]). Accordingly, we find no reason to disturb the Board's decision.

Peters, P.J., Rose, Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.